**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PENG LI, Individually and On Behalf of All Others Similarly Situated, | ) ) ) ) **Case No.** |
| Plaintiff, | ) ) |
| v. | ) **CLASS ACTION COMPLAINT** ) |
| XUNLEI LIMITED, LEI CHEN, ERIC ZHOU and TAO THOMAS WU, | ) **JURY TRIAL DEMANDED** ) ) |
| Defendants. | ) ) ) |

## CLASS ACTION COMPLAINT

Plaintiff Peng Li ("Plaintiff"), individually and on behalf of all other persons similarly situated, by Plaintiff's undersigned attorneys, for Plaintiff's complaint against Defendants, alleges the following based upon personal knowledge as to Plaintiff and Plaintiff's own acts, and information and belief as to all other matters, based upon, *inter alia*, the investigation conducted by and through Plaintiff's attorneys, which included, among other things, a review of the Defendants' public documents, conference calls and announcements made by Defendants, United States Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding Xunlei Limited ("Xunlei" or the "Company"), analysts' reports and advisories about the Company, and information readily obtainable on the Internet.  Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1.      This is a federal securities class action on behalf of a class consisting of all persons other than defendants who purchased or otherwise acquired Xunlei's American Depositary Shares ("ADSs") between October 10, 2017, and January 11, 2018, both dates

1

inclusive (the "Class Period"), seeking to recover damages caused by defendants' violations of the federal securities laws and to pursue remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, against the Company and certain of its top officials.

2.      Xunlei is a cloud-based acceleration technology company operating an internet platform in China based on cloud technology to enable users to access, manage, and consume digital media content. The Company's main product is OneCloud, a network linked storage device allowing multiple users to share online storage remotely and a "mining machine" for users to share their idle bandwidth with Xunlei's content delivery networks.  Founded in 2003, the Company is headquartered in Shenzhen, the People's Republic of China, and its ADSs trade on the NASDAQ Global Select Market ("NASDAQ") under the ticker symbol "XNET."

3.      On October 10, 2017, Xunlei issued a press release announcing the introduction of "OneCoin", a blockchain-based product with no central bank endorsed value.  OneCoin was subsequently renamed "Lianke".

4.      Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operational and compliance policies. Specifically, Defendants failed to disclose that: (i) Xunlei had engaged into an unlawful financial activity; (ii) OneCoin was a form of disguised initial coin offering ("ICO"); (iii) Xunlei was engaged into the promotion of an Initial Miner Offering ("IMO"); and (iv) as a result of the foregoing, Defendants' statements about Xunlei's business, operations, and prospects, were false and misleading and/or lacked a reasonable basis.

5.      On or about November 24, 2017, various news outlets in China reported that Xunlei's business partner Shenzhen Xunlei Big Data Information Services Company Ltd. ("Big

Data") was accusing Xunlei of conducting an unlawful ICO through the Company's OneCoin project.

6.      On this news and over the course of two trading days, the Company's ADS price declined $6.33 from a close on November 24, 2017, at $24.91 per ADS, to a close at $18.58 per ADS on November 28, 2017, a drop of approximately 25.41%.

7.      On November 29, 2017, Xunlei issued a press release entitled "Xunlei Provides Clarification on Recent Market Development," announcing an update on its business relationship with Big Data. Therein, Company stated in relevant part:

> SHENZHEN, China, Nov. 29, 2017 (GLOBE NEWSWIRE) -- Xunlei Limited ("Xunlei" or the "Company") (Nasdaq:XNET), a leading cloud-based acceleration technology company in China, provided the following clarification on the recent market development.
>
> Currently, Xunlei has 28.77% equity interest in Shenzhen Xunlei Big Data Information Services Company Ltd. ("Big Data") and has no management control over Big Data. In response to certain public statements made by Big Data recently, the board of directors of the Company ("Board") issued an open letter and firmly supported the Company's endeavor to utilize its many years of technical know-how in the field of distributed computing to explore commercial applications with the help of blockchain technology.
>
> To protect the interests of the Company, with the approval of the Board, the Company has requested Big Data to stop using the "Xunlei" brand name immediately and also terminated its right to use the "Xunlei" brand.
>
> For the past five consecutive years, Xunlei has been selected as one of the Top 100 Internet Companies In China jointly by Internet Society of China and MIIT. As a listed company, Xunlei's policy is to abide by applicable laws and government regulations, implement corporate governance and operate strictly under the guidance of the Board.

8.      On this news, the Company's ADS price declined $5.78 from a close on November 28, 2017 at $18.58 per ADS, to a close at $12.80 per ADS on November 29, 2017, a drop of approximately 31.1%.

9.     On January 12, 2018, the National Internet Finance Association of China, a national organization initiated by multiple ministries, commissions and the People's Bank of China, issued a "Risk Alert" notice on "Disguised ICO Activities", stating in relevant part:

> The Announcement on Guarding against ICO Risks, jointly issued by 7 ministries including the People's Bank of China in September 2017, clearly pointed out that ICO activities are suspected of involving illegal criminal activities including illegal fund-raising, illegal issuance of securities, and illegal sale of notes and bonds and that all institutions and individuals should immediately stop engaging in ICO activities. With the gradual phasing out of ICO projects nationwide, Initial Miner Offerings (IMO), represented by the token Lianke (formerly known as Wankebi) issued by Xunlei, has emerged as a potentially risky model that warrants vigilance.
>
> Since last October, a series of "virtual digital assets" have been issued, including Lianke, LLT, and BFC Points. *In the case of Lianke issued by Xunlei, for example, the issuing company in effect substitutes Lianke for the duty to pay back project contributors with legal tender, making it essentially a financing activity and a form of disguised ICO. In addition, with frequent promotional activities and publishing of trading tutorials, Xunlei has lured many citizens without sound discernment into IMO activities.*
>
> NIFA hereby calls on consumers and investors to gain a clear understanding of the nature of relevant models, strengthen awareness of risk prevention, make investments rationally, and refrain from blindly following speculation and hype. Any illegal financial activities in the form of IMO, ICO activities targeting domestic residents through deployment of foreign servers, and exchange services for "virtual currencies", once found, can be reported to relevant regulatory agencies or NIFA. Any such activities suspected of violating criminal laws can be reported to the police. NIFA members should enhance self-regulation, resist illegal financial activities, and refrain from participating in any activities involving ICO or speculation in "virtual currencies".

(Emphasis added.)

10.    On this news, the Company's ADS price declined $6.27 from a close on January 11, 2018 at $22.90 per ADS, to a close at $16.63 per ADS on January 12, 2018, a drop of approximately 27.38%.

11.     As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## JURISDICTION AND VENUE

12.     The claims asserted herein arise under and pursuant to §§10(b) and 20(a) of the Exchange Act (15 U.S.C. §§78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. §240.10b-5).

13.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and Section 27 of the Exchange Act.

14.     Venue is proper in this Judicial District pursuant to §27 of the Exchange Act (15 U.S.C. §78aa) and 28 U.S.C. §1391(b). Xunlei's ADSs trade on the NASDAQ, located within this Judicial District.

15.     In connection with the acts, conduct and other wrongs alleged in this Complaint, defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mail, interstate telephone communications and the facilities of the national securities exchange.

## PARTIES

16.     Plaintiff, as set forth in the attached Certification, acquired Xunlei securities at artificially inflated prices during the Class Period and was damaged upon the revelation of the alleged corrective disclosures.

17.     Defendant Xunlei is incorporated in the Cayman Islands, with principal executive offices located at 7/F Block 11, Shenzhen Software Park, Ke Ji Zhong 2nd Road, Nanshan

District Shenzhen, 518057, The People's Republic of China. Xunlei's ADSs trade on the NASDAQ under the ticker symbol "XNET."

18. Defendant Lei Chen ("Chen") has served as the Company's Chief Executive Officer ("CEO") and Director since July 6, 2017, and as its Co-CEO from November 17, 2015 to July 6, 2017.

19. Defendant Tao Thomas Wu ("Wu") served as the Company's Chief Financial Officer ("CFO") from November 2013 to September 18, 2017.

20. Defendant Eric Zhou ("Zhou") has served the Company's CFO since September 18, 2017.

21. The defendants referenced above in ¶¶ 18-20 are sometimes referred to herein as the "Individual Defendants."

22. The Individual Defendants possessed the power and authority to control the contents of Xunlei's SEC filings, press releases, and other market communications. The Individual Defendants were provided with copies of the Company's SEC filings and press releases alleged herein to be misleading prior to or shortly after their issuance and had the ability and opportunity to prevent their issuance or to cause them to be corrected. Because of their positions with the Company, and their access to material information available to them but not to the public, the Individual Defendants knew that the adverse facts specified herein had not been disclosed to and were being concealed from the public, and that the positive representations being made were then materially false and misleading. The Individual Defendants are liable for the false statements and omissions pleaded herein.

### SUBSTANTIVE ALLEGATIONS

#### Background

23.    Xunlei is a cloud-based acceleration technology company operating an internet platform in China based on cloud technology to enable users to access, manage, and consume digital media content. The Company's main product is OneCloud, a network linked storage device allowing multiple users to share online storage remotely and a "mining machine" for users to share their idle bandwidth with Xunlei's content delivery networks.

#### Materially False and Misleading Statements Issued During the Class Period

24.    The Class Period begins on October 10, 2017, when Xunlei issued a press release announcing the introduction of "OneCoin" to the market on October 12, 2017, a blockchain-based product with no central bank endorsed value. The product also called "Wanke coin" or "Wankebi", and subsequently renamed "Lianke", allowed OneCloud users to receive OneCoin for contributing their OneCloud bandwidth. Users could then purchase Xunlei's products, goods and services using OneCoin – for example, extra storage on its cloud service, or faster download speeds for its torrent downloader software. Upon information and belief, Xunlei issued over 1.6 million OneCoin every 24 hours for a maximum total number of OneCoin to be issued of 1.5 billion.

25.    On November 16, 2017, Xunlei issued a press release, also attached as exhibit 99.1 to the Form 6-K filed with the SEC on November 20, 2017, announcing the Company's financial and operating results for the third fiscal quarter and nine month ended September 30, 2017 ("Q3 2017 Press Release"). The press release stated in relevant part:

**XUNLEI ANNOUNCES UNAUDITED FINANCIAL RESULTS FOR THE THIRD QUARTER ENDED SEPTEMBER 30, 2017**

Shenzhen, China, November 16, 2017 (GLOBE NEWSWIRE) – Xunlei Limited ("Xunlei" or the "Company") (Nasdaq: XNET), a leading cloud-based

acceleration technology company in China, today announced its unaudited financial results for the third quarter ended September 30, 2017.

**Third Quarter 2017 Financial Highlights:**

- Total revenues were US$47.3 million, an 15.6% increase from the corresponding period of last year and up 14.0% from the previous quarter.

- Online advertising revenues (revenues primarily from mobile advertising) were US$5.7 million, a 22.9% increase from the corresponding period of last year and a 9.7% increase from the previous quarter.

- Other internet value-added services ("IVAS") revenues were US$20.8 million, a 64.9% increase from the corresponding period of last year and a 32.4% increase from the previous quarter. IVAS consists of cloud computing and services other than subscription and advertising.

**Recent Developments:**

- Received value-added telecommunication services license, which covered the provision of CDN services, from the Ministry of Industry and Information Technology of P.R.C. (MIIT).

- Successfully launched OneThing Cloud, an intelligent private cloud hardware, on JD.com and other e-commerce platforms in September. It received nearly 100% positive reviews and the accumulated reservations have lately exceeded 8 million units.

- Awarded information security certification issued by Shenzhen municipal government for OneThing CDN systems.

- Started to expand the applications of crowd-sourced computing beyond the CDN market.

Mr. Lei Chen, Chief Executive Officer of Xunlei, commented: "We are pleased that our cloud computing business continued to expand at a fast pace and gain market recognition during the third quarter of 2017. Our total revenues for the past quarter exceeded the high end of our guidance range. We expect the growth momentum to continue into the fourth quarter of 2017 with improvement in both the top and the bottom lines."

*"Xunlei is transforming itself from a traditional internet service provider of membership subscription to a growth-oriented company developing innovative cloud computing products and exploring emerging blockchain technology. Our crowd-sourced computing technology utilizes idle computing power including bandwidth, storage and CPU from individual bandwidth contributors to make internet more affordable to everyone. Our clients and strategic partners include*

8

*some of the household names in China. We believe this is a testimony of the power of shared economy."* continued Mr. Lei Chen.

"We believe blockchain technology today is reminiscent of the internet technology in the 80's when the users of the internet were primarily enterprises. With millions of DAUs of Xunlei APPs and subscription members, we have the natural advantage of developing blockchain technology and exploring its applications to the mass markets. Although it is of great challenge, we are hopeful and excited about our potential contribution to the internet industry." concluded Mr. Lei Chen.

(Emphasis added.)

26.    On November 16, 2017, during a conference call to discuss the Company's financial and operating results for the third fiscal quarter and nine months ended September 30, 2017("Q3 2017 Conf. Call"), Xunlei's CEO, Defendant Chen stated in relevant part:

We also introduced a voluntary OneThing incentive program based on OneThing Cloud. By enrolling into this program, users give permissions to us to use their idle bandwidth storage and CPU through OneThing Cloud and receive a blockchain based crypto token as reward. This program is also fairly popular among OneThing Cloud users.

The introduction of the new device and blockchain improves our crowd-sourced computing business. The device offers better hardware configuration, which allows us to go beyond CDN domain, and offer new types of services to our customers. We already started testing with one of our top customers. Blockchain technology allows us to construct an automated, efficient and trustworthy reward mechanism. It is a crucial building block to the crowd-sourced computing ecosystem.

27.    When asked about what Xunlei would do with OneCoin, Defendant Chen answered:

Okay, I see. The company has no plan to monetize over the coin at all. And as I said before, the crypto token is rewarded to users who volunteer in the OneThing reward program to encourage users to share idle bandwidth storage and the CPU computing for its leverage. That is volunteer program and is set up separate from the sales of the OneThing Cloud product itself.

So, I'd like to just explain a little bit about the – about it. So, OneThing Cloud as a product is priced at a slightly lower the market, the competitive market for equivalent products that are offered by other companies. And so, after purchasing OneThing Cloud, the user has a option to enroll into a voluntary program and to

share their computing power and we rewarded it by this crypto token. From the beginning we as company has no plan at all to monetize on this coin, and we certainly do not in the future.

28.     When asked about the difference between the Company's reward system using OneCoin and an ICO, Defendant Chen answered:

Well, the explanation – the definition of ICO I think we're as a private company we're not in the position to comment what is the very definition of ICO. But what I can tell our investors is that, we work closely with the regulatory authorities in China and we follow all the local regulations and laws. And we conduct business, we have been conducting business and we will conduct business in a manner that is honest and responsible, and meet all the regulations as law requirements.

29.     The statements referenced in ¶¶ 24-28 were materially false and misleading because defendants made false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operational and compliance policies. Specifically, Defendants failed to disclose that: (i) Xunlei had engaged into an unlawful financial activity; (ii) OneCoin was a form of disguised ICO; (iii) Xunlei was engaged into the promotion of an Initial Miner Offering; and (iv) as a result of the foregoing, Defendants' statements about Xunlei's business, operations, and prospects, were false and misleading and/or lacked a reasonable basis.

**The Truth Begins to Emerge**

30.     On or about November 24, 2017, various news outlets in China reported that Xunlei's business partner Shenzhen Xunlei Big Data Information Services Company Ltd. ("Big Data") was accusing Xunlei of conducting an unlawful ICO through the OneCoin project.

31.     On this news and over the course of two trading days, the Company's ADS price declined $6.33 from a close on November 24, 2017, at $24.91 per ADS, to a close at $18.58 per ADS on November 28, 2017, a drop of approximately 25.41%.

32.    On November 29, 2017, Xunlei issued a press release entitled "Xunlei Provides Clarification on Recent Market Development," announcing an update on its business relationship with Big Data. Therein, Company stated in relevant part:

> SHENZHEN, China, Nov. 29, 2017 (GLOBE NEWSWIRE) -- Xunlei Limited ("Xunlei" or the "Company") (Nasdaq:XNET), a leading cloud-based acceleration technology company in China, provided the following clarification on the recent market development.
>
> Currently, Xunlei has 28.77% equity interest in Shenzhen Xunlei Big Data Information Services Company Ltd. ("Big Data") and has no management control over Big Data. In response to certain public statements made by Big Data recently, the board of directors of the Company ("Board") issued an open letter and firmly supported the Company's endeavor to utilize its many years of technical know-how in the field of distributed computing to explore commercial applications with the help of blockchain technology.
>
> To protect the interests of the Company, with the approval of the Board, the Company has requested Big Data to stop using the "Xunlei" brand name immediately and also terminated its right to use the "Xunlei" brand.
>
> For the past five consecutive years, Xunlei has been selected as one of the Top 100 Internet Companies In China jointly by Internet Society of China and MIIT. As a listed company, Xunlei's policy is to abide by applicable laws and government regulations, implement corporate governance and operate strictly under the guidance of the Board.

33.    On this news, the Company's ADS price declined $5.78 from a close on November 28, 2017 at $18.58 per ADS, to a close at $12.80 per ADS on November 29, 2017, a drop of approximately 31.1%.

34.    On January 12, 2018, the National Internet Finance Association of China, a national organization initiated by multiple ministries, commissions and the People's Bank of China, issued a "Risk Alert" notice on "Disguised ICO Activities" stating in relevant part:

> The Announcement on Guarding against ICO Risks, jointly issued by 7 ministries including the People's Bank of China in September 2017, clearly pointed out that ICO activities are suspected of involving illegal criminal activities including illegal fund-raising, illegal issuance of securities, and illegal sale of notes and bonds and that all institutions and individuals should immediately stop engaging in ICO activities. With the gradual phasing out of ICO projects nationwide, Initial

Miner Offerings (IMO), represented by the token Lianke (formerly known as Wankebi) issued by Xunlei, has emerged as a potentially risky model that warrants vigilance.

Since last October, a series of "virtual digital assets" have been issued, including Lianke, LLT, and BFC Points. ***In the case of Lianke issued by Xunlei, for example, the issuing company in effect substitutes Lianke for the duty to pay back project contributors with legal tender, making it essentially a financing activity and a form of disguised ICO. In addition, with frequent promotional activities and publishing of trading tutorials, Xunlei has lured many citizens without sound discernment into IMO activities.***

NIFA hereby calls on consumers and investors to gain a clear understanding of the nature of relevant models, strengthen awareness of risk prevention, make investments rationally, and refrain from blindly following speculation and hype. Any illegal financial activities in the form of IMO, ICO activities targeting domestic residents through deployment of foreign servers, and exchange services for "virtual currencies", once found, can be reported to relevant regulatory agencies or NIFA. Any such activities suspected of violating criminal laws can be reported to the police. NIFA members should enhance self-regulation, resist illegal financial activities, and refrain from participating in any activities involving ICO or speculation in "virtual currencies".

(Emphasis added.)

35.     On this news, the Company's ADS price declined $6.27 from a close on January 11, 2018 at $22.90 per ADS, to a close at $16.63 per ADS on January 12, 2018, a drop of approximately 27.38%.

36.     As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

37.     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who purchased or otherwise acquired Xunlei securities during the Class Period (the "Class"); and were damaged upon the revelation of the alleged corrective disclosures. Excluded from the Class are defendants

herein, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which defendants have or had a controlling interest.

38.     The members of the Class are so numerous that joinder of all members is impracticable.  Throughout the Class Period, Xunlei securities were actively traded on the NASDAQ.  While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class.  Record owners and other members of the Class may be identified from records maintained by Xunlei or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

39.     Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by defendants' wrongful conduct in violation of federal law that is complained of herein.

40.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

41.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class.  Among the questions of law and fact common to the Class are:

- whether the federal securities laws were violated by defendants' acts as alleged herein;

- whether statements made by defendants to the investing public during the Class Period misrepresented material facts about the business, operations and management of Xunlei;

- whether the Individual Defendants caused Xunlei to issue false and misleading financial statements during the Class Period;

- whether defendants acted knowingly or recklessly in issuing false and misleading financial statements;

- whether the prices of Xunlei securities during the Class Period were artificially inflated because of the defendants' conduct complained of herein; and

- whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

42.   A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

43.   Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

- defendants made public misrepresentations or failed to disclose material facts during the Class Period;

- the omissions and misrepresentations were material;

- Xunlei  securities are traded in an efficient market;

- the Company's shares were liquid and traded with moderate to heavy volume during the Class Period;

- the Company traded on the NASDAQ and was covered by multiple analysts;

- the misrepresentations and omissions alleged would tend to induce a reasonable investor to misjudge the value of the Company's securities; and

- Plaintiff and members of the Class purchased, acquired and/or sold Xunlei securities between the time the defendants failed to disclose or misrepresented

material facts and the time the true facts were disclosed, without knowledge of the omitted or misrepresented facts.

44.     Based upon the foregoing, Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

45.     Alternatively, Plaintiff and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State of Utah v. United States*, 406 U.S. 128, 92 S. Ct. 2430 (1972), as Defendants omitted material information in their Class Period statements in violation of a duty to disclose such information, as detailed above.

## COUNT I

**(Violations of Section 10(b) of the Exchange Act and Rule 10b-5 Promulgated Thereunder Against All Defendants)**

46.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

47.     This Count is asserted against defendants and is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

48.     During the Class Period, defendants engaged in a plan, scheme, conspiracy and course of conduct, pursuant to which they knowingly or recklessly engaged in acts, transactions, practices and courses of business which operated as a fraud and deceit upon Plaintiff and the other members of the Class; made various untrue statements of material facts and omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and employed devices, schemes and artifices to defraud in connection with the purchase and sale of securities.  Such scheme was intended to, and, throughout the Class Period, did:  (i) deceive the investing public, including Plaintiff and other Class members, as alleged herein; (ii) artificially inflate and maintain the market price of

15

Xunlei securities; and (iii) cause Plaintiff and other members of the Class to purchase or otherwise acquire Xunlei securities and options at artificially inflated prices. In furtherance of this unlawful scheme, plan and course of conduct, defendants, and each of them, took the actions set forth herein.

49.    Pursuant to the above plan, scheme, conspiracy and course of conduct, each of the defendants participated directly or indirectly in the preparation and/or issuance of the quarterly and annual reports, SEC filings, press releases and other statements and documents described above, including statements made to securities analysts and the media that were designed to influence the market for Xunlei securities. Such reports, filings, releases and statements were materially false and misleading in that they failed to disclose material adverse information and misrepresented the truth about Xunlei's finances and business prospects.

50.    By virtue of their positions at Xunlei , defendants had actual knowledge of the materially false and misleading statements and material omissions alleged herein and intended thereby to deceive Plaintiff and the other members of the Class, or, in the alternative, defendants acted with reckless disregard for the truth in that they failed or refused to ascertain and disclose such facts as would reveal the materially false and misleading nature of the statements made, although such facts were readily available to defendants. Said acts and omissions of defendants were committed willfully or with reckless disregard for the truth. In addition, each defendant knew or recklessly disregarded that material facts were being misrepresented or omitted as described above.

51.    Information showing that defendants acted knowingly or with reckless disregard for the truth is peculiarly within defendants' knowledge and control. As the senior managers

and/or directors of Xunlei, the Individual Defendants had knowledge of the details of Xunlei's internal affairs.

52.     The Individual Defendants are liable both directly and indirectly for the wrongs complained of herein.   Because of their positions of control and authority, the Individual Defendants were able to and did, directly or indirectly, control the content of the statements of Xunlei.  As officers and/or directors of a publicly-held company, the Individual Defendants had a duty to disseminate timely, accurate, and truthful information with respect to Xunlei's businesses, operations, future financial condition and future prospects.   As a result of the dissemination of the aforementioned false and misleading reports, releases and public statements, the market price of Xunlei securities was artificially inflated throughout the Class Period.   In ignorance of the adverse facts concerning Xunlei's business and financial condition which were concealed by defendants, Plaintiff and the other members of the Class purchased or otherwise acquired Xunlei securities at artificially inflated prices and relied upon the price of the securities, the integrity of the market for the securities and/or upon statements disseminated by defendants, and were damaged thereby.

53.     During the Class Period, Xunlei securities were traded on an active and efficient market.   Plaintiff and the other members of the Class, relying on the materially false and misleading statements described herein, which the defendants made, issued or caused to be disseminated, or relying upon the integrity of the market, purchased or otherwise acquired shares of Xunlei securities at prices artificially inflated by defendants' wrongful conduct.  Had Plaintiff and the other members of the Class known the truth, they would not have purchased or otherwise acquired said securities, or would not have purchased or otherwise acquired them at the inflated prices that were paid.  At the time of the purchases and/or acquisitions by Plaintiff and the Class,

the true value of Xunlei securities was substantially lower than the prices paid by Plaintiff and the other members of the Class.  The market price of Xunlei securities declined sharply upon public disclosure of the facts alleged herein to the injury of Plaintiff and Class members.

54.     By reason of the conduct alleged herein, defendants knowingly or recklessly, directly or indirectly, have violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

55.     As a direct and proximate result of defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases, acquisitions and sales of the Company's securities during the Class Period, upon the disclosure that the Company had been disseminating misrepresented financial statements to the investing public.

## COUNT II

**(Violations of Section 20(a) of the Exchange Act Against The Individual Defendants)**

56.     Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

57.     During the Class Period, the Individual Defendants participated in the operation and management of Xunlei, and conducted and participated, directly and indirectly, in the conduct of Xunlei's business affairs.  Because of their senior positions, they knew the adverse non-public information about Xunlei's misstatement of income and expenses and false financial statements.

58.     As officers and/or directors of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to Xunlei's

financial condition and results of operations, and to correct promptly any public statements issued by Xunlei which had become materially false or misleading.

59.     Because of their positions of control and authority as senior officers, the Individual Defendants were able to, and did, control the contents of the various reports, press releases and public filings which Xunlei disseminated in the marketplace during the Class Period concerning Xunlei's results of operations.   Throughout the Class Period, the Individual Defendants exercised their power and authority to cause Xunlei to engage in the wrongful acts complained of herein. The Individual Defendants therefore, were "controlling persons" of Xunlei within the meaning of Section 20(a) of the Exchange Act.  In this capacity, they participated in the unlawful conduct alleged which artificially inflated the market price of Xunlei securities.

60.     Each of the Individual Defendants, therefore, acted as a controlling person of Xunlei.  By reason of their senior management positions and/or being directors of Xunlei, each of the Individual Defendants had the power to direct the actions of, and exercised the same to cause, Xunlei to engage in the unlawful acts and conduct complained of herein.  Each of the Individual Defendants exercised control over the general operations of Xunlei and possessed the power to control the specific activities which comprise the primary violations about which Plaintiff and the other members of the Class complain.

61.     By reason of the above conduct, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act for the violations committed by Xunlei.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

A.      Determining that the instant action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and certifying Plaintiff as the Class representative;

B.      Requiring Defendants to pay damages sustained by Plaintiff and the Class by reason of the acts and transactions alleged herein;

C.      Awarding Plaintiff and the other members of the Class prejudgment and post-judgment interest, as well as their reasonable attorneys' fees, expert fees and other costs; and

D.      Awarding such other and further relief as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury.

Dated: January 24, 2018

Respectfully submitted,

**POMERANTZ LLP**

*/s/ Jeremy A. Lieberman*
Jeremy A. Lieberman
J. Alexander Hood II
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone:  (212) 661-1100
Facsimile:  (212) 661-8665
Email:  jalieberman@pomlaw.com
              ahood@pomlaw.com

**POMERANTZ LLP**
Patrick V. Dahlstrom
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone:  (312) 377-1181
Facsimile:  (312) 377-1184
Email:  pdahlstrom@pomlaw.com

**BRONSTEIN, GEWIRTZ**
**& GROSSMAN, LLC**
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, NY 10165
(212) 697-6484
peretz@bgandg.com

*Attorneys for Plaintiff*

**Submission Date**

2018-01-20 08:51:21

# CERTIFICATION PURSUANT TO FEDERAL SECURITIES LAWS

1.    I  make this declaration pursuant to Section 27(a)(2) of the Securities Act of 1933 ("Securities Act") and/or Section 21D(a)(2) of the Securities Exchange Act of 1934 ("Exchange Act") as amended by the Private Securities Litigation Reform Act of 1995.

2.  I have reviewed a Complaint against against Xunlei Ltd ("XNET" or the "Company"), as well as media and analyst reports about the Company. Plaintiff believes and authorizes the filing of a comparable complaint on my behalf.

3.   I did not purchase or acquire XNET securities at the direction of plaintiffs' counsel or in order to participate in any private action arising under the Securities Act or Exchange Act.

4.    I am willing to serve as a representative party on behalf of a Class of investors who purchased or acquired XNET securities during the class period, including providing testimony at deposition and trial, if necessary.  I understand that the Court has the authority to select the most adequate lead plaintiff in this action.

5.  To the best of my current knowledge, the attached sheet lists all of my transactions in XNET securities during the Class Period as specified in the Complaint.

6.   During the three-year period preceding the date on which this Certification is signed, I have not sought to serve as a representative party on behalf of a class under the federal securities laws.

7.    I agree not to accept any payment for serving as a representative party on behalf of the class as set forth in the Complaint, beyond my pro rata share of any recovery, except such reasonable costs and expenses directly relating to the representation of the class as ordered or approved by the Court.

8.    I declare under penalty of perjury that the foregoing is true and correct.

## Name

**Print Name**

Peng Li

## Acquisitions

**Configurable list (if none enter none)**

(see attached)

## Sales

**Configurable list (if none enter none)**



(see attached)

## Documents & Message



(redacted)

**Signature**



**Full Name**

Peng Li



By clicking on the Submit button below, I intend to sign and execute this agreement and retain Bronstein, Gewirtz & Grossman, LLC and associated counsel to proceed on Plaintiff's behalf, on a contingent fee basis.

**XUNLEI LIMITED (XNET)**                                                              **Li, Peng**

### LIST OF PURCHASES AND SALES

| DATE | PURCHASE OR SALE | NUMBER OF SHARES/UNITS | PRICE PER SHARES/UNITS |
|---|---|---|---|
| 11/21/2017 | Purchase | 1,000 | $21.7300 |
| 11/24/2017 | Purchase | 775 | $25.5000 |
| 12/28/2017 | Purchase | 900 | $14.2800 |
| 11/22/2017 | Sale | 1,000 | $20.0585 |
| 12/11/2017 | Sale | 300 | $15.5000 |
| 12/29/2017 | Sale | 600 | $15.3294 |
| 1/4/2018 | Sale | 350 | $17.1600 |
| 1/4/2018 | Sale | 425 | $18.9120 |